```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                         EASTERN DIVISION


CORY MORGAN,                          )
                                      )
              Plaintiff,              )
                                      )
          v.                          )    No. 13 CV 7718
                                      )
GUARDIAN ANGEL HOME CARE, INC.,       )
                                      )
              Defendant.              )
```

## MEMORANDUM OPINION AND ORDER

Before the court is the plaintiff's motion to vacate the dismissal for want of prosecution. For the reasons explained below, the court denies the motion.

The court held a status hearing in this case on October 22, 2014, at which plaintiff failed to appear. The court entered an order setting another status hearing for the following week, on October 27, 2014. The court's October 22, 2014 order stated: "Plaintiff failed to appear. Plaintiff shall be present on 10/27/14. Failure to appear at future hearings may result in dismissal for failure to prosecute." The plaintiff again failed to appear at the October 27, 2014 status hearing, so the court dismissed the case without prejudice on that date for failure to prosecute.

On December 1, 2014, the plaintiff filed a motion to vacate the dismissal for want of prosecution. The motion fails to state

a statutory basis for the motion or cite any authority. In plaintiff's reply, she cites "excusable neglect" and states that the motion is brought pursuant to Federal Rule of Civil Procedure 60(b). (Pl.'s Reply ¶ 7.) Rule 60(b)(1) provides for discretionary relief from a final judgment or order on the basis of "mistake, inadvertence, surprise, or excusable neglect." "Relief under Rule 60(b) is limited to grounds specified in the rule or to extraordinary circumstances . . . ." Williams v. Illinois, 737 F.3d 473, 476 (7th Cir. 2013). A district court has great latitude in deciding whether to reinstate a case dismissed for want of prosecution because that decision is "discretion piled on discretion." Banks v. Chicago Bd. of Educ., 750 F.3d 663, 667 (7th Cir. 2014).

Plaintiff's motion explains that "[p]laintiff's counsel inadvertently misdiaried the [October 22] status for the day after and in fact appeared in court on October 23, 2014." (Pl.'s Mot. at 1.) It further explains that "[u]pon seeing that he had missed the October 22nd status, the undersigned counsel immediately entered the October [27] status into his calendar on his iPhone which was set up to automatically synch with his main calendar. Due to some technological issues, counsel's iPhone calendar was not synching with his main calendar." (Id.) That is the full extent of counsel's explanation for missing both status hearings.

In response, defendant argues that plaintiff's counsel's

conduct is inexcusable and that plaintiff did not file her motion within a reasonable time.  The court agrees.

"Although attorney carelessness can constitute 'excusable neglect' under Rule 60(b)(1), attorney inattentiveness to litigation is not excusable, no matter what the resulting consequences the attorney's somnolent behavior may have on a litigant."  <u>Harrington v. City of Chicago</u>, 433 F.3d 542, 546 (7th Cir. 2006).  "A lawyer who inexcusably neglects his client's obligations does not present exceptional circumstances."  <u>Bakery Mach. & Fabrication, Inc. v. Traditional Baking, Inc.</u>, 570 F.3d 845, 848 (7th Cir. 2009).

Plaintiff's motion and reply do not present evidence of exceptional circumstances that justify relief under Rule 60(b).  Counsel's explanation does not hang together; as defendant points out, counsel "would have been alerted to [the calendar entry for the October 27 status hearing] on [his] iPhone irrespective as to whether the calendar entry was 'synched' with his 'main calendar.'" (Def.'s Resp. at 6.)  The motion and reply also fail to explain why counsel waited 35 days to move to vacate the dismissal.

It appears that plaintiff's counsel was simply inattentive to this case. Inexcusable attorney negligence does not warrant relief under Rule 60(b). Accordingly, the plaintiff's motion to vacate the court's dismissal for want of prosecution [27] is denied.

DATE: December 22, 2014

ENTER: *Amy J. St. E*
Amy J. St. Eve, United States District Judge